THIS OPINION IS A PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Mailed:  March 31, 2011

Opposition No. 91188150

CARL KARCHER ENTERPRISES, INC.

v.

CARL'S BAR & DELICATESSEN, INC.

Cheryl Butler, Attorney, Trademark Trial and Appeal Board:

In accordance with the Board's order of September 15, 2010, the discovery period was noted to be closed; the deadline for plaintiff's pretrial disclosures was reset as September 27, 2010; and plaintiff's 30-day main testimony period was reset so that it closed on November 11, 2010.  This case now comes up on applicant's motion, filed November 12, 2010, to strike the testimony (taken November 11, 2010) and evidence of opposer's witness, Hilary Burkemper, and to dismiss the proceeding for opposer's failure to present testimony.  Opposer filed a response to applicant's motion.

In support of its motion, applicant argues that the "deadline for filing the Opposer's Pretrial Statement herein was September 27, 2010"; that opposer did not "file or submit" a pretrial statement, or request an extension of time with respect to the "unfiled" pretrial statement; and that opposer's trial

period has passed without opposer "filing any Pretrial Statement." The Board construes this argument as an assertion by applicant that opposer was not only required to serve its pretrial disclosures on applicant by the deadline, but was also required to file the disclosures with the Board.

Applicant contends, as well, that the documents and things introduced as exhibits to the testimony of opposer's witness did not "fall within the ambit of any Pretrial Statement's general summary or list of types of document and things," and should be stricken from evidence; and that, because the November 11, 2010 trial testimony of Ms. Burkemper, and proffered documents and things, should be stricken, opposer has no evidence upon which to rely to prove its case and the opposition should be dismissed.

In response, opposer notes that it served its pretrial disclosures on October 13, 2009, the day before they were due (on October 14, 2009) in accordance with the Board's institution order of December 23, 2008. Opposer has submitted a copy of such disclosure in conjunction with the briefing of applicant's current motion. According to opposer, its pretrial disclosures contained witness information, a summary of witness testimony subjects, and a summary of documents and things to be identified during witness testimony. In addition, opposer states it identified Ms. Burkemper in both its initial and its pretrial disclosures. Opposer indicates that applicant did not respond to the notice of deposition of Ms. Burkemper and did not attend the

deposition. Opposer states that applicant appears to believe, mistakenly, that opposer was required to file its pretrial disclosures with the Board. Opposer argues that, in view of its adherence to the procedural requirements with respect to its timely-served pretrial disclosures, the trial testimony of Ms. Burkemper, and all exhibits and evidence offered during such testimony, should not be stricken and the opposition should not be dismissed for opposer's failure to introduce testimony or evidence in support of its claims.

The Board notes that the parties do not dispute the timeliness of opposer's October 13, 2009 pretrial disclosures. Such disclosures were served in accordance with the schedule set in the institution order, which was the operative schedule at the time of service of the disclosures. Subsequent to such service, however, opposer filed a motion for summary judgment, which was denied by order of the Board dated August 11, 2010. In resuming proceedings and resetting the schedule, the Board reset the deadline for opposer's pretrial disclosures. Such deadline was again reset in the Board's September 15, 2010 order addressing another issue presented at that time. The resetting of this deadline in each of these two orders was simply a scheduling matter to keep the case on course to trial, and took into account the possibility that opposer had not served pretrial disclosures prior to filing its motion for summary judgment, or that circumstances had changed since the filing of any earlier

3

disclosure, such that a new or amended disclosure would be appropriate.

The questions now presented to the Board are: (1) whether opposer's October 13, 2009 pretrial disclosures, evidencing a certificate of service on applicant of the same date, are sufficient with respect to the information disclosed therein, (2) whether a party that has served pretrial disclosures is required to re-serve them when the pretrial disclosure date is reset, and (3) whether opposer was required to file its pretrial disclosures with the Board.

Trademark Rule 2.121(e), 37 C.F.R. § 2.121(e), provides, in relevant part, as follows:

> [t]he party scheduled to present evidence must disclose the name and, if not previously provided, the telephone number and address of each witness from whom it intends to take testimony, or may take testimony if the need arises, general identifying information about the witness, such as relationship to any party, including job title if employed by a party, or, if neither a party nor related to a party, occupation and job title, a general summary or list of subjects on which the witness is expected to testify, and a general summary or list of the types of documents and things which may be introduced as exhibits during the testimony of the witness.

A review of opposer's October 13, 2009 pretrial disclosure shows that opposer named its potential witnesses, including Ms. Burkemper,[1] and provided the address, telephone number and

---

[1] A party is to disclose all witnesses it expects to call as well as those that it may call if the need arises. Thus, the pretrial disclosure rule anticipates that there may be witnesses disclosed who are not called to testify. Trademark Rule 2.121(e). *See also* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72

4

relationship to opposer (in the nature of a job title) for each potential witness. In addition, opposer provided a general summary of the topics upon which each potential witness was expected to testify and a general summary of the types of documents and things to be introduced during the testimony of each potential witness. The topics and documents and things identified for the potential witnesses are of the type usually found in Board proceedings (*e.g.,* selection and adoption of the marks that are the subject of the pleaded registrations, fame of such marks, and likelihood of confusion). Applicant has not specified how the evidence submitted by opposer falls outside such topics and documents identified in the pretrial disclosure.[2] On its face, opposer's pretrial disclosure is adequate and sufficient.

As to the second question, the mere passage of time between the original pretrial disclosure deadline and later deadlines that were reset in conjunction with scheduling orders does not dictate that opposer needed to re-serve its pretrial disclosures each time the deadline was reset. The only obligation a party

---

Fed. Reg. 42242, 42246 (August 1, 2007). In this case, opposer disclosed the names of more than one potential witness but appears to have called only one witness, Ms. Burkemper.

[2] It is noted that applicant did not make specific, substantive objections to specific documents or exhibits introduced by the testimony of opposer's witness as being beyond the scope of the disclosure. Had applicant done so, consideration of such objections would necessarily be deferred to disposition in a final decision on the merits of the case. This is so because it is not the policy of the Board to read trial testimony or examine other trial evidence prior to final decision. *See* TBMP § 532 (2d ed. rev. 2004).

has in such circumstances would be to supplement or amend its disclosures, if necessary.  Fed. R. Civ. P. 26(e)(1).  Ms. Burkemper was identified as a potential witness in opposer's initial pretrial disclosure, served prior to the original pretrial disclosure deadline.  Thus, the circumstances of this case do not involve presentation of a witness or exhibits not revealed by the original disclosure and thus there is no issue regarding a failure to timely amend or supplement the disclosure.

Turning to the third question, Trademark Rule 2.121(e) does not require a party making a pretrial disclosure to file such disclosure with the Board.  Moreover, Trademark Rule 2.120(j)(8), 37 C.F.R. § 2.120(j)(8), states as follows:

> Written disclosures or disclosed documents, requests for discovery, responses thereto, and materials or depositions obtained through the disclosure or discovery process should not be filed with the Board, except when submitted with a motion relating to disclosure or discovery, or in support of or in response to a motion for summary judgment, or under a notice of reliance, when permitted, during a party's testimony period.

While this latter rule relates to disclosures served during the discovery period, and discovery period disclosures (initial and expert) are different in purpose than pretrial disclosures, there is no significant reason why a party should be required to file its pretrial disclosures with the Board.  A brief at final hearing typically includes a description of the record, *see* Trademark Rule 2.128(b), and the Board is therefore put on notice by the parties' briefs of the testimony and exhibits in evidence.

6

Thus, under the Board's rules and practice, a party is not to file its discovery period disclosures with the Board, except under specific circumstances not present in this case, and need not file, indeed should not file as a routine matter, its pretrial disclosures with the Board.[3]

The Board notes that its 2007 adoption of a disclosure model was intended to foster orderly administration of the proceeding as it moves toward trial. To that end, timely service of pretrial disclosures avoids incidents of unfair surprise to the adverse party and increases the likelihood of a fair disposition of the parties' claims and defenses.[4] *See* <u>Miscellaneous Changes</u>

---

[3] In this regard, Board practice varies slightly from that set forth at Fed. R. Civ. P. 26(a)(3)(A)(2) with respect to pretrial disclosures. The federal rule requires the disclosing party to "provide to the other parties and promptly file …" the information necessary to be in compliance with the disclosure requirement. While the pretrial disclosures in court may be important to the resolution of motions in limine handled prior to trial, the Board does not hear and resolve such motions in its practice.

[4] Trademark Rule 2.123(e)(3), 37 C.F.R. § 2.123(e)(3), explicitly allows for a motion to strike the entire deposition after the fact if the pretrial disclosures are improper or inadequate. The adverse party may elect to cross-examine that witness under protest while reserving the right to object and, promptly after the testimony is completed, move to strike the testimony from the record. As a practical matter, however, where a party believes its adversary's pretrial disclosures are technically deficient in some manner, judicial economy is best achieved by bringing such issue up promptly by a motion before the deposition takes place. Examples of appropriate motions include: motions to strike the pretrial disclosure as insufficient, untimely, or otherwise suffering from a particular technical deficiency, or a motion to quash the deposition of a witness not named.
  If promptly filed, the issue raised concerning the purported technical deficiency may be resolved before the parties incur any expense associated with taking a testimonial deposition, and any risk to a non-disclosing party who chooses not to attend the deposition under the mistaken belief that the testimony will be stricken is reduced. The Board often allows parties to cure timely, but

to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242, 42242 (August 1, 2007). Alerting the Board to the existence of a party's witness list is not a purpose of the pretrial disclosure requirement. This is so because the Board does not preside at the taking of testimony, or at a pretrial conference. *See* TBMP § 702 (2d ed. rev. 2004). Instead, all testimony is taken out of the presence of the Board, and the written transcripts thereof, together with any exhibits thereto, are then submitted to the Board. TBMP § 702 (2d ed. rev. 2004). Consequently, there is no reason to file routinely pretrial disclosures with the Board.

Accordingly, applicant's motion to strike the testimony of Ms. Burkemper, and any and all documents and things introduced by such testimony, on the bases that the disclosure is substantively deficient, that opposer did not re-serve its pretrial disclosures each time the deadline was reset and that opposer did not file the disclosure with the Board, is denied. Insofar as opposer has made of record evidence upon which to prove its case, applicant's request for involuntary dismissal is premature and will not be

---

technically defective matters. *See, for example, General Council of the Assemblies of God v. Heritage Music Foundation*, 97 USPQ2d 1890 (TTAB 2011) (respondent timely served expert disclosures and cured deficiencies when brought to its attention); and *Weyerhaeuser Co. v. Katz*, 24 USPQ2d 1230 (TTAB 1992) (opposer allowed time to remedy the procedural defects in its notice of  reliance).
  In contrast with a motion raising a purported technical deficiency, an objection to exhibits or testimony based upon the substance being beyond the scope of the pretrial disclosure can be made during the taking of testimony and preserved by a motion to strike the testimony or evidence on that basis. Such objection or motion will be decided in connection with a final decision.

considered. Trademark Rule 2.132(a). *See also* TBMP § 534 (2d ed. rev. 2004).

Proceedings are resumed and remaining dates, starting with the deadline for applicant's pretrial disclosures, are reset as follows:

| | |
|---|---|
| Defendant's Pretrial Disclosures Due | **4/15/2011** |
| Defendant's 30-day Trial Period Ends | **5/30/2011** |
| Plaintiff's Rebuttal Disclosures Due | **6/14/2011** |
| Plaintiff's 15-day Rebuttal Period Ends | **7/14/2011** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***